IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE WOODLANDS TOWNSHIP f/k/a TOWN CENTER IMPROVEMENT DISTRICT, § § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:12-cv-00745 |
| § | |
| UNICREDIT BANK AG f/k/a BAYERISCHE HYPO-UND VEREINSBANK AG § § § § § | |
| Defendant. § | |

## THE WOODLANDS TOWNSHIP'S ANSWER TO COUNTERCLAIM OF UNICREDIT BANK AG

Plaintiff / Counterclaim Defendant, The Woodlands Township f/k/a Town Center Improvement District ("The Woodlands") responds to the Counterclaim filed by UniCredit Bank AG f/k/a Bayerische Hypo-Und Vereinsbank AG ("UniCredit") as follows:

### JURISDICTION & VENUE

20. Paragraph 20 is an introduction to which no response is required. To the extent a response is required, The Woodlands denies the allegations in Paragraph 20.

21. Paragraph 21 is a legal conclusion, to which no response is required.

22. Paragraph 22 is a legal conclusion, to which no response is required.

### PARTIES

23. The Woodlands admits that UniCredit is a German bank doing business in the United States, including Texas, through its New York branch office.

24. The Woodlands admits the allegations of Paragraph 24.

## FACTUAL ALLEGATIONS

25. The Woodlands admits that, on July 14, 2001, it properly exercised its legal authority to adopt a resolution that, among other things, authorized the issuance and sale of sales tax and hotel occupancy bonds ("2001 Resolution"). The remaining allegations in Paragraph 25 are an attempt to characterize the 2001 Resolution, which speaks for itself, and no response is required. To the extent a response is required, The Woodlands denies UniCredit's characterizations.

26. The Woodlands admits that money generated by the sale of bonds in 2001 was placed into several different funds, but denies that UniCredit's characterization of the Debt Service Reserve Fund is correct.

27. The Woodlands admits that, on or about July 26, 2001, The Woodlands and UniCredit entered into the PSA Master Repurchase Agreement ("Contract"). The Woodlands further admits that, on or about July 26, 2001, it invested funds with UniCredit in exchange for pricing rates that were required to stay in place until March 1, 2027. The remaining allegations in Paragraph 27 are an attempt to characterize provisions from the Contract, which speaks for itself, and no response is required. To the extent a response is required, The Woodlands denies UniCredit's characterizations.

28. The Woodlands admits that some terms of the Contract were included in an attachment called "Annex I: Supplemental Terms And Conditions." The remaining allegations in Paragraph 28 are an attempt to characterize terms from the Annex, which speaks for itself, and no response is required. To the extent a response is required, The Woodlands denies UniCredit's characterizations.

29. The Woodlands admits the allegations in Paragraph 29.

30. The Woodlands admits the allegations in Paragraph 30.

31. The Woodlands admits that, on March 1, 2010, it refunded the bonds issued in 2001 with $44,000,000 of new bonds. The remaining allegations in Paragraph 31 are legal conclusions, to which no response is required. To the extent a response is required, The Woodlands denies the allegations.

32. The Woodlands denies the allegations in Paragraph 32.

33. The Woodlands denies the allegations in Paragraph 33.

34. After a reasonable investigation, The Woodlands lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35. The Woodlands admits that, on or about November 18, 2011, UniCredit attempted to convince The Woodlands to issue a letter terminating the Contract. The Woodlands denies that Monique Sharp agreed to issue a termination letter and further denies that Ms. Sharp would have had the authority to make such an agreement for The Woodlands.

36. The Woodlands admits that it has not sent UniCredit a letter terminating the Contract. To the extent Paragraph 36 includes additional factual allegations, after reasonable investigation, The Woodlands lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36, and therefore denies the same.

37. The Woodlands admits that, on or about January 18, 2012, First Southwest advised UniCredit that The Woodlands would not agree to terminate the Contract because the 2010 Refunding does not require termination. The Woodlands denies that Ms. Sharp represented The Woodlands would terminate the contract or that Ms. Sharp would have had the authority to make such a representation for The Woodlands.

38. The Woodlands admits the parties conducted negotiations, though it denies that UniCredit's position in those negotiations was correct.

39. The Woodlands admits the allegations of Paragraph 39.

## COUNT I:  MATERIAL PARTIAL BREACH

40. The Woodlands incorporates by reference its responses to the preceding paragraphs.

41. The Woodlands admits the Contract is valid and enforceable.

42. The Woodlands admits that UniCredit has continued making payments, as is required by the Contract.

43. The Woodlands denies that it has materially breached the Contract.

44. The Woodlands admits that the Contract includes a jury trial waiver, but denies that its demand for a jury constitutes a material breach of the Contract or that the demand has damaged UniCredit.

45. The Woodlands denies that it has materially breached the Contract or that UniCredit has been damaged in any way.

## PRAYER

46. The Woodlands denies that UniCredit is entitled to the relief requested in Paragraph 46.

47. The Woodlands denies that UniCredit is entitled to the relief requested in Paragraph 47.

48. The Woodlands denies that UniCredit is entitled to the relief requested in Paragraph 48.

## AFFIRMATIVE DEFENSES

49. By way of further answer to UniCredit's Counterclaim, and without conceding that it takes on the burden of proof, The Woodlands alleges the following affirmative defenses:

   a. UniCredit's Counterclaim fails to state a claim upon which relief can be granted.

   b. UniCredit's Counterclaim is barred in whole or part by the doctrines of waiver, estoppel, laches and payment.

   c. UniCredit's Counterclaim is barred in whole or part by ratification.

   d. UniCredit's Counterclaim is barred in whole or part by its failure to mitigate damages, if any.

   e. UniCredit's Counterclaim is barred in whole or part by its failure to satisfy a condition precedent.

Dated: April 23, 2012

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:   */s/ Phillip L. Sampson, Jr.*
      Phillip L. Sampson, Jr.
      Attorney-in-Charge
      State Bar No. 00788344
      David W. Morris
      State Bar No. 24046481
      Edmund W. Robb
      State Bar No. 24080036

711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300
Telecopy:   (713) 221-1212

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on the 23rd day of April, 2012.

                                             */s/ David W. Morris*  
                                             David W. Morris